Oaruthers, J.,
delivered the opinion of the court.
After this action of debt was at issue, the will of *680 Hunter was contested by some of Ms heirs, after haying been previously proved in common form.
A.plea, setting up this fact and that the issue was still pending, was filed by the defendant, at the next term, to which a demurrer was sustained, and verdict and judgment for $1475. This is the only error assigned. The facts admitted in the bill of exceptions are: “That Jo: 0. Hunter departed this life, and defendant was duly appointed and qualified administrator, with the will annexed of deceased, and gave bond. That after this suit was brought and issue made, the heirs of Hunter, dec’d, have filed their petition, and brought up the will to the circuit court of Q-ibson county, to be tried upon an issue devisavit ml non, which said contest is now pending, and that the county court made no order in the case, further than to order the will to be certified to the circuit court, to be tried on said issue. Ho adm’r pendente lite was, or has been appointed by said court.” The court instructed the jury that the action could be maintained against the defendant, notwithstanding the contest of the will.
This raises a question of some importance, as to the powers, duties and liabilities of an acting executor or administrator, with the will annexed, who has been duly appointed and qualified, upon the probate of a will in common form, during the pendency of a contest in a proceeding to prove it in solemn form, upon an issue for that purpose. We are not aware that this precise question has ever been before the courts of this State, and its decision may be of considerable practical importance in view of the frequency of these issues, *681 and the rare instances of the escape of wills from the ordeal of a fiery and protracted contest.
It will be observed, that this case does not present the question in its strongest form, as there was °not, as is generally the case in practice, an order of the county court, setting aside the former probate, or the appointment of a special administrator. But it is insisted, that the fact of ordering the will to be certified to the circuit court upon petition and citation of the ex’r or adm’r for an issue, and trial, has the effect of suspending all the powers and liabilities of the acting adm’r. Indeed, the argument' goes to the extent, that this appointment, as well as the probate, upon which it was made, are entirely vacated and. annulled from that period.
This is not the effect of the proceeding. True, the argument is favored by a remark in the case of Burrow vs. Ragland, 6 Humph., 486, and some other cases cited, but the distinct question came before this court in the case of Roberts vs. Stewart, 2 Swan, 164, and it was held, that even where the order of the county court in terms, was “that the probate be set aside” and the case sent to the circuit court for issue and trial, the legal effect was, not to revoke and annul, but merely to suspend the probate as to the rights that might be dependent upon it as an establishment of the will. In that case, the issue in the circuit court was abandoned, and the question was, whether the re-probate of the will in the county court was necessary to fix the rights of legatees under the will, and this of course depended on the existing validity of the original probate, in common form, under the circumstances stated.
*682 Upon re-examination of that case, we are fully satisfied with the principles it settles. The validity then, of a probate in common form, is only revoked by the final decision of the issue. 11 will or no will” for the contestants. Until that time, it is only suspended, and that merely as to rights under the will. The executor or administrator, with the will annexed, to whom letters have been issued, under the original probate, is not relieved from his duties and responsibilities, or denuded of his powers, except so far as rights under the will are concerned: In his action, he cannot conflict with the provisions of the will, or the rules of law that would apply in cases of intestacy. Which of them shall govern the disposition of the estate, must depend upon the result of the pending contest upon the will, and consequently, must be suspended till that is terminated. In this respect, his powers and duties are the same of an administrator oA litem, who is a full administrator for the time, unless his powers are limited in his appointment, and may sue and be sued. 3 Bacon Ab. Ex. and Ad., letter G. 2 Show., 69. No good reason is perceived for suspending the powers of the personal representative in taking care of and settling up the estate. He is under bonds, and has been duly qualified, and his appointment, as we have seen, unrevoked. We can see no danger or inconvenience in this construction. Whoever may be entitled under the will, if sustained, or the law, if it be set aside, are secured by his bonds, and find the estate settled up and ready for their enjoyment, after a protracted litigation. Upon the opposite doctrine, the consequences might be great delay to those ultimately entitled to the estate, *683 loss of debts for want of power to sue, and delay and injustice to tbe honest creditors for want of some one liable to suit.
It may be said, that these consequences could all be avoided by the appointment of an administrator to act pending the litigation. True, such is not the case under discussion. That has not been done, nor was it necessary, when the court, and all parties concerned, were satisfied with the administrator already in office; and this must be presumed, as no motion or order was made on the subject in the court. . If he is not acceptable to the parties, or considered unsuitable by the court in view of the new state of things which has arisen, it is easy to displace him and substitute another to act until the contest is over.
¥e think, then, there is no error in the judgment of the court below, and order an affirmance of the same.